UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON JOY JORDAN LEE | CIVIL ACTION |
| VERSUS | NO. 16-588-SDD-EWD |
| DEPARTMENT OF EDUCATION, SPECIAL SCHOOL DISTRICT/SPECIAL SCHOOL PROGRAMS | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 5, 2016.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON JOY JORDAN LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-588-SDD-EWD** |
| **DEPARTMENT OF EDUCATION-SPECIAL SCHOOL DISTRICT/SPECIAL SCHOOL PROGRAMS** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by plaintiff Sharon Joy Jordan Lee.[1] Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion and the Department of Education-Special School District/Special School Programs ("Defendant") has not filed an opposition as of the date of this Order. The Motion is therefore unopposed.

For the reasons that follow, the undersigned recommends that the Motion to Remand be **GRANTED** and that this matter be **REMANDED** to the 4th Judicial District Court for Parish of Ouachita, State of Louisiana.

### Factual and Procedural Background

On or about April 7, 2016, Plaintiff filed a Petition for Violations of FLSA and Damages against Defendant in the 4th Judicial District Court for the Parish of Ouachita, Louisiana.[2] In the Petition, Plaintiff alleges that Ouachita Parish is where Defendant committed violations of the Fair Labor Standards Act ("FLSA") and where a substantial part of the events and/or omissions giving

---

[1] R. Doc. 5.
[2] R. Doc. 5-2.

rise to the claim took place.[3] Plaintiff requested in the Petition that Defendant and the Louisiana Attorney General be served with a copy of the Petition.[4] According to the documents attached to the Motion to Remand, Defendant and the Louisiana Attorney General were both served with a copy of the Citation and Petition on April 14, 2016.[5]

On August 9, 2016, Plaintiff filed a Motion for Preliminary Default,[6] asserting that Defendant was served with a certified copy of the Petition through its Superintendent Monte Burke on April 14, 2016 and that Defendant failed to file an answer or request an extension to do so within fifteen days of the date of service.[7] The Motion was entered into the minutes of the state court proceeding[8] and the judge issued an Order granting the Preliminary Default on the same day the Motion was filed.[9] Plaintiff sent a copy of the Petition, Motion for Preliminary Default, and Order entering Preliminary Default to the Louisiana Attorney General by certified mail on August 24, 2016.[10] On August 31, 2016, Plaintiff's counsel filed an Affidavit of Service Pursuant to La. Code Civ. P. 1704[11] in the state court proceeding, certifying that the Louisiana Attorney General

---

[3] *Id.* at 1.
[4] *Id.* at 5.
[5] R. Docs. 5-3 and 5-4.
[6] R. Doc. 5-5 at 3.
[7] *Id.*
[8] *Id.* at 2.
[9] *Id.* at 5.
[10] R. Doc. 5-5.
[11] R. Doc. 5-6 at 1. Article 1704 provides, in pertinent part:

> [P]rior to confirmation of a judgment of default against the state or any of its departments . . . a certified copy of the minute entry constituting the judgment entered pursuant to Article 1701, together with a certified copy of the petition or other demand, shall be sent by the plaintiff or his counsel to the attorney general by registered or certified mail, or shall be served by the sheriff personally upon the attorney general or the first assistant attorney general at the office of the attorney general. If the minute entry and the petition are served on the attorney general by mail, the person mailing such items shall execute and file in the record an affidavit stating that these items have been enclosed in an envelope properly addressed to the attorney general with sufficient postage affixed, and stating the date on which such envelope was deposited in the United States mails. In addition the return receipt shall be attached to the affidavit which was filed in the record.

La. Code Civ. P. art. 1704(A).

received service of the foregoing documents on August 26, 2016 based upon the Return Receipt Request.[12]

Defendant subsequently filed a Notice of Removal on September 2, 2016, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.[13] In the Notice of Removal, Defendant asserts that it was never served with a copy of the Motion for Preliminary Default and that it did not receive notice of the Order of Preliminary Default until August 31, 2016, when it was forwarded to Defendant from the Louisiana Attorney General's office.[14] Defendant does not allege that it was not served with a copy of the state court Petition, nor does it assert that the Notice of Removal is timely. Defendant merely asserts that Plaintiff's claims under the FLSA arise under federal law and that venue is proper in the Middle District because "the State Department of Education and the State Special School District are located in the Middle District."[15]

On October 3, 2016, Plaintiff filed the instant Motion to Remand, asserting that this matter should be remanded to state court because removal was untimely and procedurally defective.[16] Plaintiff asserts removal was untimely in this case because the Notice of Removal was not filed within 30 days after service of the Petition on April 14, 2016. Plaintiff also asserts the removal is procedurally defective because the proper venue for a case filed in Ouachita Parish is the U.S. District Court for the Western District of Louisiana.[17] As such, Plaintiff seeks attorney's fees and

---

[12] R. Doc. 5-6 at 2.
[13] R. Doc. 1 at ¶ 5.
[14] *Id*. at 1-2.
[15] *Id*. at 2.
[16] R. Doc. 5 at 1.
[17] R. Doc. 5-1 at 6-7; *See*, 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court for the United States for the district and division within which such action is pending a notice of removal . . . .")).

costs under 28 U.S.C. § 1447(c) because Defendant's removal was improper.[18] As of the date of this Report, Defendant has not filed a response to the Motion to Remand.

### Applicable Law and Analysis

On a motion to remand, the removing party bears the burden of showing that removal was proper. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citation omitted). "The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b), which creates a 30-day limitation period for removing cases. Failure to timely file a notice of removal is a defect that requires remand to state court." *Robinson v. Kmart Corp.*, 2011 WL 2790192, at *2 (M.D. La. April 28, 2011); *See, Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982). "The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met." *Robinson*, 2011 WL 2790192 at *2. Section 1446(b) provides a two-step process for determining whether a defendant timely removed a case. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from receipt of the initial pleading by the defendant." *Id.* If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days from the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law." *Carpenter v. Wichita Falls*

---

[18] Plaintiff asserts that correspondence was sent from her counsel to Defendant's counsel indicating why the removal proceedings were untimely and improperly filed and requesting Defendant to voluntarily withdraw the Notice of Removal and that no answer was ever received. (R. Doc. 5-1 at 7). Plaintiff did not include a copy of the alleged correspondence with the Motion to Remand.

*Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983)). However, "[A] reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim." *Jones v. Bush*, 2009 WL 1883053, at *2 (M.D. La. June 30, 2009) (citing *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995)). Here, Defendant's thirty-day clock began to run upon service of the Petition only if the Petition "affirmatively revealed on its face that Plaintiff was asserting a cause of action based on federal law." *Nixon-Gatlin v. MRC Receivables Corp.*, 2007 WL 2712403, at *2 (W.D. La. Sept. 10, 2007) (citing *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)).

Here, Plaintiff's original Petition sought damages for any unpaid straight and overtime compensation between the time she was promoted in 2010 until her retirement in August 2015, liquidated damages in the same amount, the diminished value of her retirement benefits, and attorney's fees and costs, all under the FLSA, 29 U.S.C. § 216(b). Although Defendant did not file a response to the Motion to Remand, Defendant asserts in the Notice of Removal that "Because Plaintiff's claims arise under federal law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and, under 28 U.S.C. § 1441(a), removal is proper."[19] Thus, Defendant appears to concede that Plaintiff's Petition "affirmatively revealed on its face" that Plaintiff was asserting a cause of action under federal law. *See*, *Nixon-Gatlin*, 2007 WL 2712403 at *2 (citing *Leffall*, 28 F.3d at 525). As such, the Court finds that the Petition triggered Defendant's thirty-day period for removal under 28 U.S.C. § 1446(b). Since it is undisputed that Plaintiff served Defendant with a

---

[19] R. Doc. 1 at ¶ 5.

copy of the Petition on April 14, 2016[20] and the Notice of Removal was not filed until September 2, 2016,[21] the Court finds Defendant's removal was untimely.[22]

In the Motion to Remand, Plaintiff also seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides, in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000). In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. . . . In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id*. at 293. In the instant case, Defendant has not demonstrated that it had a reasonable belief that removal, sought almost five months after service of the Petition, was proper. The Court, therefore, finds that Plaintiff is entitled to costs and attorney's fees in the amount of $1,000.00 pursuant to 28 U.S.C. § 1447(c).

## Conclusion

Based on the foregoing, Defendant has not met its burden of proving that removal was timely. The documents submitted with Plaintiff's Motion to Remand show that Defendant was served with a copy of the state court Petition on April 14, 2016.[23] Because the Petition affirmatively revealed on its face that Plaintiff was asserting a cause of action based on federal

---

[20] R. Docs. 5-3 at 1 and 5-4 at 1.
[21] R. Doc. 1.
[22] Since the Court finds the Notice of Removal was untimely-filed, the Court need not address Plaintiff's argument that the removal was also procedurally defective because it was filed in the wrong venue.
[23] R. Docs. 5-3 at 1 and 5-4 at 1.

law, namely the Fair Labor Standards Act, 29 U.S.C. § 216(b), removal on September 2, 2016 was untimely. Additionally, since Defendant has not shown that it had an objectively reasonable basis to believe the removal was legally proper, Plaintiff should be awarded costs and attorney's fees in the amount of $1,000.00 pursuant to 28 U.S.C. § 1447(c).

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Motion to Remand[24] filed by plaintiff Sharon Joy Jordan Lee should be **GRANTED** and that this matter should be **REMANDED** to the 4th Judicial District Court for the Parish of Ouachita, Louisiana as removal was not timely under 28 U.S.C. § 1446. It is also recommended that Plaintiff be awarded $1,000.00 for the costs and attorney's fees incurred as a result of the improper removal in accordance with 28 U.S.C. § 1447(c).

Signed in Baton Rouge, Louisiana, on December 5, 2016.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] R. Doc. 5.